UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

FIRST BANK AND TRUST                        CIVIL ACTION

VERSUS                                      NO. 06-2269

DEAN EDWARD HAINES                          SECTION "C"

ORDER AND REASONS

This matter comes before the Court on motion to enforce settlement and for sanctions filed by the plaintiff, First Bank and Trust. Having considered the record and the law, the Court has determined that it is currently without subject matter jurisdiction for the following reasons.

Federal courts are courts of limited jurisdiction. The original litigation filed in this case had subject matter jurisdiction on removal through alleged violations of the federal Computer Fraud and Abuse Act, as well as other unspecified federal statutes. That case was settled and dismissed. Now the dispute apparently centers on a contractual dispute over the terms of the settlement agreement. "No case of ours

1

asserts, nor do we think the concept of limited federal jurisdiction permits us to assert, ancillary jurisdiction over any agreement that has as part of its consideration the dismissal of a case before a federal court." Kokkonen v. Guardian Life Insurance Company of America, 511 U.S. 375, 380 (1994).  The burden of establishing jurisdiction rests upon the party asserting jurisdiction.  Id.

> [W]e hold that once a court dismisses an action with prejudice because of a settlement agreement, and the agreement is neither approved of nor incorporated by the court in its decree or order and the court does not indicate any intention to retain jurisdiction, an action to enforce the settlement agreement requires federal jurisdiction independent of the action that was settled.

Langley v. Jackson State University, 14 F.3d 1070, 1074 (5th Cir. 1994).

The Court is mindful that it presided over a hearing in which the "bullet points" of the alleged settlement were provided and that one of those points was that "[t]he Court shall retain jurisdiction to inforce (sic) the terms of this settlement."  (Trans., May 17, 2006, p. 4).  The parties emphasized at that hearing, however, that a written settlement agreement was contemplated.  The Court's order of dismissal issued on the same day, May 17, 2006, provided as follows:

> IT IS ORDERED that this action be and is hereby dismissed without costs and without prejudice to the right, upon good cause shown within sixty days, to reopen the action if settlement is not consummated.

(Rec. Doc. 12).

Sixty days is a reasonable time for a case to remain open while formal settlement is consummated. Of course, the written settlement agreement has not been confected due to the apparent disagreement of the parties. Therefore, the record is without an expressed intention by the Court to retain jurisdiction to enforce any settlement agreement or an indication that the Court expressly incorporated its terms in the order of dismissal or at the hearing. "The judge's mere awareness and approval of the terms of the settlement agreement do not suffice to make them part of his order." Kokkonen, 522 U.S. at 381; Hospitality House, Inc. v. Gilbert, 298 F.3d 424, 431 (5th Cir. 2002. Lack of subject matter jurisdiction has been recognized where "a district court's reference in its dismissal order to an agreed motion to dismiss does not indicate an intention to make a settlement agreement attached to that motion to dismiss part of the order," and the fact that the parties' motion to dismiss "expressly incorporated the Agreement does not affect this conclusion." Hospitality House, 298 U.S. at 433. The dismissal order itself must expressly incorporate the agreement's terms as the order's terms. Id.

On July 19, 2006, more than sixty days after dismissal, the plaintiff filed this motion. Therefore, the dismissal was unconditional at the time this motion was filed, "a disposition that is in no way flouted or imperiled by the alleged breach of the settlement agreement." Kokkonen, 511 U.S. at 381. Even assuming that the Court had

3

jurisdiction to enforce a settlement agreement *"while the litigation is pending before it ...,"* the matter was dismissed before any motion to enforce was filed.  <u>Langley</u>, 14  F.3d at 1075.

The Court's ruling on subject matter jurisdiction should not be read as an expression of opinion on any aspect of the alleged settlement agreement or its enforceability.  It is simply a recognition that both subject matter and ancillary jurisdiction is lacking in this Court, and that disagreements over the terms of contracts between citizens of the same state "are traditionally, uncontroversially, and exclusively with the jurisdiction of state courts."   <u>Langley</u>, 14 F.3d at 1074.

Accordingly,

IT IS ORDERED that the motion to enforce settlement and for sanctions filed by the plaintiff, First Bank and Trust is DISMISSED for lack of subject matter jurisdiction.

New Orleans, Louisiana, this 24th day of July, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT  JUDGE